UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

In the Matter of:

NORTHPOINT VILLAGE OF UTICA, LLC,
a Michigan limited liability company,

        Debtor.

Case No.: 2008-53097-swr
Chapter 11
Judge: Hon. Steven W. Rhodes

_____/

SADECKI & ASSOCIATES, P.L.L.C.
By: Mark W. Sadecki (P57069)
Attorney for Creditor Mike Genson Mechanical
P.O. Box 310
Davisburg, Michigan 48350-0310
248.328.1300 ☎
248.328.0600 🖨
msadecki@saalaw.net

Gerald L. Decker (P31485)
Attorney for Debtor
42700 Schoenherr Road
Suite 3
Sterling Heights, Michigan 48313
586.532.1122 ☎
586.532.1166 🖨
gldeckerlaw@aol.com

_____/

### SECURED CREDITOR MIKE GENSON MECHANICAL, LLC'S MOTION TO DISMISS CHAPTER 11 DEBTOR NORTH POINT VILLAGE OF UTICA'S BANKRUPTCY PETITION PURSUANT TO 11 U.S.C. § 1112(b) OR IN THE ALTERNATIVE TO LIFT THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(3)

NOW COMES SECURED CREDITOR, Mike Genson Mechanical, LLC ("Creditor"), by and through its attorneys SADECKI & ASSOCIATES, P.L.L.C., by Mark W. Sadecki and for its above styled motion, states unto this Honorable Court the following:

1.     This motion is brought pursuant to 11 USC § 1112(b).

2.     North Point Village of Utica, LLC ("Debtor") is the Fee Simple owner of the real property commonly known as 45201 North Point Blvd., Utica, Michigan ("Subject Property") which is subject to a Judgment of Foreclosure ("Judgment") dated March 27, 2008 recorded with the Macomb County Register of Deeds on April 1, 2008.

3.     The Debtor's Subject Property constitutes a single asset real estate project as that term is defined by 11 USC § 101(51B).

4. The state court Judgment was entered against Debtor at the conclusion of a hearing to determine the costs and attorneys fees unnecessarily incurred by Creditor to enforce its rights under the Michigan Construction Lien Act (See MCLA § 570.1118(2)).[1]

5. Debtor, through its state court counsel, made it very clear that Debtor would not satisfy (pay) any state court judgment, absent a very costly appellate process.[2]

6. That Debtor's total unsecured debt is $4,916,995.28 (See Schedule F of Debtor's Chapter 11 Petition filed on June 23, 2008 at 2:14 p.m.).

7. Debtor's verifying Agent, Salvatore Biondo ("Biondo"), testified under oath at the 341 hearing on July 3, 2008, that all the "inter-company loans" totaling $4,891,995.28, are the "Debtor's Equity" Salvatore Biondo authorized for the project.

8. Debtor's Agent, Salvatore Biondo also testified at the 341 hearing, that there are "no employees" of the Debtor North Point Village of Utica, LLC.

9. Debtor's Agent, Biondo, also testified at the 341 hearing that he originally filed a Chapter 7 petition (later dismissed by this court) to "buy some time" and avoid paying Creditor the $700,000 plus, now owing under the state court Judgment.

10. Clearly, Debtor filed this chapter 11 case to thwart the state court remedy afforded this first lien priority Judgment Creditor and has admitted same at the 341 hearing.

11. Debtor's financial problems, if any, are essentially a dispute between the Debtor and the first lien priority Judgment Creditor, which can and should certainly be resolved in the state court action.

---

[1] The Judgment, in addition to damages, ordered Debtor to pay Creditor $170,000 in costs and attorneys fees incurred to enforce its claim of lien for the labor and materials provided to Debtor.

[2] This Court should note, Debtor's counsel in the state court action, filed a Motion to Stay that proceeding on February 26, 2008 (two months after the Trial). However, counsel for Defendants (Christopher Aiello) threatened this tactic throughout the entire pre-trial litigation process. In fact, Christopher Aiello advised Mike Genson during Court ordered Facilitation that **"our client [Salvatore Biondo] will pay us $200,000 plus, to defend this case and another $200,000 to prosecute "the appeal", therefore Genson should take $175,000 and be happy."** This *heavy handed bad faith tactic* was intended to intimidate Mike Genson Mechanical and aid Debtor and its Agent Salvatore Biondo in continuing the pattern of refusing to pay suppliers, subcontractors and to thwart their lien rights under state law.

12. Debtor cannot argue in good faith that the timing and filing of this Chapter 11 and the previous Chapter 7 case, were anything other than an attempt by the Debtor to frustrate the efforts of the Judgment Lien Creditor (having lien priority over Flagstar Bank's mortgage) from enforcing its right to sell the Subject Property to satisfy the $700,000 owed Creditor.

13. That this petition was nothing more than a continuation of the threats by Debtor and the Defendants' state court counsel to do everything possible to avoid paying Creditor Mike Genson Mechanical, LLC and fulfill the goal of bankrupting the Judgment Lien Creditor.

14. Debtor's petition was clearly filed in bad faith, in violation of 11 USC § 1112 and should be summarily dismissed with sanctions being imposed upon Debtor and/or its counsel, or both, for their willful violation of the Federal Bankruptcy laws.

15. Counsel for Creditor has sought concurrence of the relief sought herein from counsel for the Debtor, Gerald Decker on Monday, August 11, 2008 and same was denied.

16. Creditor's counsel has attached hereto as Exhibit A the proposed Order Granting this Motion to Dismiss Debtor's Chapter 11 Petition pursuant to 11 U.S.C. § 1112(b).

WHEREFORE, Creditor Mike Genson Mechanical, LLC respectfully requests that this Honorable Court grant Creditor Mike Genson Mechanical, LLC's motion to dismiss the Debtor's Chapter 11 petition or in the alternative lift the automatic stay to allow Creditor Mike Genson Mechanical, LLC to avail itself of the state court foreclosure remedy and award such additional relief as this court deems appropriate, including, sanctions against the Debtor and/or its counsel for filing this Chapter 11 petition in violation of the Federal Bankruptcy laws.

Respectfully submitted,

SADECKI & ASSOCIATES, P.L.L.C.

/s/ Mark W. Sadecki
Mark W. Sadecki (P57069)
Attorney for Creditor Mike Genson

Dated: August 10, 2008