UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

In the Matter of:

NORTHPOINT VILLAGE OF UTICA, LLC,
a Michigan limited liability company,

             Debtor.

Case No.: 2008-53097-swr
Chapter 11
Judge: Hon. Steven W. Rhodes

_____/

SADECKI & ASSOCIATES, P.L.L.C.
By: Mark W. Sadecki (P57069)
Attorney for Creditor Mike Genson Mechanical
P.O. Box 310
Davisburg, Michigan 48350-0310
248.328.1300 ☎
248.328.0600 🖨
msadecki@saalaw.net

Gerald L. Decker (P31485)
Attorney for Debtor
42700 Schoenherr Road
Suite 3
Sterling Heights, Michigan 48313
586.532.1122 ☎
586.532.1166 🖨
gldeckerlaw@aol.com

_____/

**SECURED CREDITOR MIKE GENSON MECHANICAL'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS CHAPTER 11 DEBTOR NORTH POINT VILLAGE OF UTICA'S BANKRUPTCY PETITION PURSUANT TO 11 USC § 1112(b) OR IN THE ALTERNATIVE TO LIFT THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(3)**

      NOW COMES SECURED CREDITOR, Mike Genson Mechanical, LLC ("Creditor"), by and through its attorneys SADECKI & ASSOCIATES, P.L.L.C., by Mark W. Sadecki and for its above styled motion, states unto this Honorable Court the following:

TABLE OF AUTHORITIES

Cases

*In Re Trident Associates, Ltd. Partnership*, 52 F.3d 127 (6th Circuit 1995).

*In Re Phoenix Piccadilly, Ltd.*, 849 F.2d 1393 C.A. 11 (Fla. 1988).

Statutes

11 U.S.C. § 1112(b)
11 U.S.C. § 101(51B)
11 U.S.C. § 362(d)(3)

## ISSUES PRESENTED

1. WHETHER THE CHAPTER 11 BANKRUPTCY PETITION FILED BY DEBTOR NORTH POINT VILLAGE OF UTICA, LLC WAS FILED IN BAD FAITH, IN LIGHT OF ITS PREVIOUS CHAPTER 7 FILING, DISMISSED BY THIS COURT, AS WELL AS THE FACTORS SET FORTH IN THE CONTROLLING CASES OF <u>IN RE TRIDENT ASSOCIATES LIMITED PARTNERSHIP</u> 52 F.3D 127 (6th CIRCUIT 1995) AND <u>IN RE PHOENIX PICCADILLY, LTD</u>. 849 F.2d 1393 (Fla. 1988)?

Secured Creditor Mike Genson Mechanical, LLC's Answer:     Yes

2. WHETHER SECURED CREDITOR MIKE GENSON MECHANICAL, LLC SHOULD BE RELIEVED OF THE AUTOMATIC STAY RESTRICTION AND ALLOWED TO PROCEED WITH THE FORECLOSURE AGAINST DEBTOR'S REAL PROPERTY?

Secured Creditor Mike Genson Mechanical, LLC's Answer:     Yes.

## I. INTRODUCTION

This proceeding arises from Debtor's continuing and relentless attempts to evade paying Judgment Lien Creditor Mike Genson Mechanical, LLC ("Creditor") for the <u>labor</u> and <u>materials</u> it provided to Debtor's newly constructed multimillion dollar senior citizen apartment complex. Creditor was awarded a Judgment of Foreclosure in the state court action, after proving it was a properly perfected lien claimant and the prevailing party, against Debtor North Point Village of Utica, LLC. The state court action consumed more than two years and more than $210,000 in costs and attorney fees to secure a judgment from Debtor.[1]

Debtor sought to increase its equity in the building project throughout the course of construction, by failing and refusing to pay several suppliers, subcontractors and materialman on the North Point Village project. In fact, several lien claimants filed liens against the project, but were "beaten down", bankrupted or forced to compromise their claims, due to the inability to prosecute their claims against Salvatore Biondo and his myriad of entities.

Creditor filed its state court action to collect upon an unpaid account; recover damages for the breach of contract by Debtor and to enforce its rights under the Michigan Construction Lien Act. After years of litigating the state court action, including threats by Debtor and its trial counsel, Creditor proceeded to a consolidated Jury Trial[2] and prevailed on all claims (including its statutory right to sell the Subject Property to satisfy the debt owing by the Debtor).

## II. STATEMENT OF FACTS

---

[1] Creditor incurred $170,000 in the case involving this Debtor and continues to incur unnecessary costs and attorneys fees that are compensable under the Michigan Construction Lien Act and <u>Superior Prods Co. vs. Merucci Bros, Inc.</u>, 107 Mich App 153; 309 NW2d 188 (1981).

[2] Debtor was one of many Defendants in the state court action, wherein two Judgments were entered in favor of Creditor. Both Judgments granted Creditor the right to force the sale of Defendants' real properties, including that of Sal Mar Sterling Corporate Center, LLC ("Sal Mar")(also owned by Salvatore Biondo). Sal Mar recently paid the Judgment owed Creditor less than 48 hours before the real property was to be sold by court order at a Sheriff's sale.

On Thursday, March 27, 2008, the state court entered its Judgment in favor of Plaintiff Mike Genson Mechanical, LLC ("Creditor") and against Defendant North Point Village of Utica, LLC, ("Debtor") in the amount of $417,591, plus statutory interest from February 15, 2006, plus expert witness fees and attorneys' fees totaling more than $650,000. The Judgment clearly stated Creditor's construction lien claim was valid, properly perfected and that it shall have priority over the Flagstar Bank mortgage. To date, Debtor and Salvatore Biondo have failed and refused to pay the Judgment and have filed not one, but two bankruptcy petitions, seeking to, in the words of Debtor's Agent Salvatore Biondo, "**buy some time**."

Creditor filed its lien foreclosure claim seeking to secure payment from North Point Village and Salvatore Biondo, who, refused to pay Creditor for the labor, materials and extras the "Debtor" requested, received and benefited from for the past three years. To date, Creditor has been awaiting payment from Debtor for more than three years! The lien claim filed by Creditor was recorded, properly perfected and foreclosed upon consuming two years of the time in which Creditor has waited. Throughout this time, neither Debtor nor Salvatore Biondo have ever made a single reasonable offer to compensate Creditor for the hard work, materials and myriad of extras provided to the "Debtor", which, by Salvatore Biondo's own admission, if making money.

A ten (10) day Jury and Bench Trial commenced in the state court from November 6, 2007 through November 20, 2007. At the conclusion of the Jury Trial, a unanimous verdict was rendered in favor of Creditor on all of claims against Defendants; Breach of Contract, Unjust Enrichment and Account Stated.

The Jury also rendered a unanimous verdict of no cause of action on all three of the counter-claims filed by Debtor and Sal Mar Northpointe Blvd., LLC.

Creditor/Plaintiff's lien foreclosure claim was tried directly to Judge Matthew Switalski, seeking to secure payment from the Subject Property, for labor and materials provided to the project. (A copy of the March 27, 2008 Certified Judgment is attached hereto as <u>Exhibit A</u>).

## III. LEGAL ARGUMENT

Judgment Lien Creditor Mike Genson Mechanical, LLC now moves this court to enter an Order of dismissal of Debtor North Point Village of Utica, LLC's Chapter 11 petition pursuant to 11 U.S.C. § 1112(b) or in the alternative, to lift the automatic stay order pursuant to 11 U.S.C. § 362(d)(3) to allow Creditor to initiate the foreclosure procedure against Debtor.

While no single factor is dispositive in deciding whether a Chapter 11 petition should be dismissed as a "bad faith" filing, the court may consider; whether debtor has only a single asset; whether prepetition conduct of debtor has been improper; whether there are only a few unsecured creditors; whether debtor's property has been posted for foreclosure and the debtor's success in defending against foreclosure in state court; whether debtor has proceeded to stand still in state court litigation with creditor; whether petition effectively allows debtor to evade court orders; whether debtor has any ongoing business or employees and whether debtor has possibility of reorganizing. Bankr. Code 11 U.S.C. § 1112(b). In Re Trident Associates, Ltd. Partnership, 52 F.3d 127 (6th Circuit 1995).

Several other bankruptcy courts have held that a case under Chapter 11 may be dismissed for cause pursuant to section 1112 of the Bankruptcy Code if the petition was not filed in good faith. Albany Partners, Ltd. vs. Westbrook (In Re Albany Partners, Ltd.), 749 F.2d 670, 674 (11th Circuit 1984); See also Shell Oil Co vs. Waldron (In Re Waldron), 785 F.2d 936 (11th Circuit) (Chapter 13 petition dismissed because of bad faith filing), cert. dismissed, 478 U.S. 1028, 106 S.Ct. 3343, 92 L.Ed.2d 763 (1986).

Also relevant to this motion, is the holding in the case of In Re Phoenix Piccadilly, Ltd., 849 F.2d 1393 C.A. 11 (Fla. 1988), which held, that the possibility of a successful reorganization cannot transform a bad faith filing into one undertaken in good faith. The United States Court of Appeals has consistently held that a debtor's Chapter 11 petition may be dismissed if it was filed in bad faith. See In Re Laguna Associates, 30 F.3d 734; In Re Charfoos, 979 F.2d 390 (6th Cir.

1992); and In Re Caldwell (Harden vs. Caldwell), 851 F.2d 852 (6th Cir. 1988). Although 11 U.S.C. § 1112(b) does not define "cause", debtors' bad faith can constitute cause under this section. See In Re Trident Associates, Ltd. Partnership at page 131.

Neither § 362(d) nor § 1112(b) define "cause," so "courts must determine whether discretionary relief is appropriate on a case-by-case basis." In Re Laguna Associates, at 737. Under both of these sections, bad faith can constitute cause. Id. at 737 – 738. Because the "totality of the circumstances" must be considered, no single test for good faith can be recited, but this court has laid out some guidelines. In Re Trident Associates, Ltd. Partnership at 131.

A. Application of the Laguna Associates Factors

Good faith is an amorphous notion, largely defined by factual inquiry. While no single fact is dispositive, courts have found the following factors meaningful in evaluating an organizational debtor's good faith:

(1) the debtor has one asset;

(2) the pre-petition conduct of the debtor has been improper;

(3) there are only a few unsecured creditors;

(4) the debtor's property has been posted for foreclosure, and the debtor has been unsuccessful in defending against the foreclosure in state court;

(5) the debtor and one creditor have proceeded to a standstill in state court litigation, and the debtor has lost or has been required to post a bond which it cannot afford;

(6) the filing of the petition effectively allows the debtor to evade court orders;

(7) the debtor has no ongoing business or employees; and

(8) the lack or possibility of reorganization.

**Debtor's Sole Asset is the Property Subject to Genson's Foreclosure Judgment**

At the 341 hearing, Debtor and his counsel admitted that Debtor's Chapter 11 involves a single asset, the real property subject to Creditor's foreclosure Judgment.

Debtor's Agent, Salvatore Biondo admitted under oath at the 341 hearing that he filed the Chapter 7 and Chapter 11 petitions to "**buy some time**."[3] Moreover, Debtor's Agent was also forced to admit that Debtor's largest secured Creditor, Flagstar Bank, has previously advised the Debtor that it is, ready, willing and able to loan Debtor all the funds necessary to pay off the state court Judgment in its entirety.[4]

**The Pre-petition Conduct of The Debtor Has Been Improper**

Throughout the entire pre-trial phase of the state court proceeding, Debtor's state court counsel were less than forthcoming and/or honest with the trial court Judge. By way of example and not limitation, the following is a compilation of the Debtor's conduct, prior to filing its Chapter 7 and subsequent Chapter 11 petitions:

First, throughout the course of the pretrial and trial litigation, Debtor's counsel often boosted of the financial prowess of the Debtor. On one occasion, during court ordered facilitation with the Debtor, Christopher Aiello eloquently terminated the nine hour session by threatening Mike Genson and his wife, Karen Genson, by stating "our client [Salvatore Biondo] will pay us $200,000 plus, to defend this case and another $200,000 to prosecute "the appeal", therefore you should take $175,000 and be happy." This heavy handed tactic was rampant throughout the state court litigation process, including countless unnecessary motions filed by the Debtor's counsel to intentionally increase the costs and attorneys fees to Creditor Mike Genson Mechanical, LLC.

---

[3] Creditor's counsel has ordered the transcripts for the July 3, 2008 § 341 hearing. To date the Creditor's counsel has received only the CD and notated the representations of Debtor's Agent, under oath for this brief. Creditor's counsel hopes to file a revised brief in support of this motion prior to this Honorable Court scheduling a hearing on the matter.

[4] Debtor's state court counsel and counsel for Flagstar Bank have repeatedly advised Creditor's counsel, that the loan documents are complete and the monies in place for Salvatore Biondo to pay off Creditor Mike Genson Mechanical in full. In fact, prior to the state court Trial, Debtor's counsel informed the Trial court *on the record*, that if Plaintiff Mike Genson Mechanical, LLC prevailed, Defendant/Debtor had Six Million Dollars ($6,000,000) in the bank to pay Creditor's lien claim! Subsequent post trial motions revealed this to be less than an accurate representation by Debtor's counsel in the state court proceeding.

Second, Debtor's trial counsel, during the trial, refused to disclose and/or stipulate to the Fee Simple Owner of the real property being foreclosed at trial by Creditor! In fact, during the trial, Creditor was forced to order yet another informational title search, which verified one of the real properties may have been transferred to a non-party during the trial! Based upon same, as well as Plaintiff's fear that it may receive a Judgment against an entity other than the Fee Owner, the trial court Judge _ruled_ that if Plaintiff prevailed at trial and Defendants' counsel argued that Plaintiff sued the wrong Defendant, then Aaron Geyer (one of Debtor's trial attorneys) would be held in the Macomb County Jail until the correct owner was disclosed! In fact, Judge Matthew Switalski reminded Mr. Geyer of his _ruling_ and if Defendant argued "wrong defendant" it was at the peril of Mr. Aaron Geyer's own liberty!

True to form, in responding to Plaintiff/Creditor's first post trial Motion to Settle the Judgment, Defendants plead the "wrong Defendant" defense. Mr. Geyer was given the "benefit of the doubt" and not held in contempt and/or jailed.

Third, each and every post trial motion filed by Debtor was timed to maximize the delay in permitting Creditor to enforce its rights under the Judgment or move the case along in a timely manner. The motion for new trial, for example, was filed on the final day permitted under the Michigan Court Rules. To further exacerbate the delay and costs to the Creditor, Debtor's counsel scheduled the hearing for a month later! Creditor's counsel was forced to file an emergency motion to advise the court of the urgency of denying the motion in a timely manner. The trial court not only denied the motion but stated in a written opinion that the arguments set forth in the Defendants/Debtor's motion for a new trial were "merely a series of arguments that were previously made and rejected by the jury at trial." The Trial court Judge further opined that "the jury was unimpressed and rendered a fair verdict."

Fourth, Creditor's counsel filed a Writ of Garnishment against Debtor's Flagstar Bank accounts, only to learn Debtor had closed its accounts and transferred the hundreds of thousands

of dollars in monthly income for Debtor to another bank to avoid seizure of its assets. Debtor's Agent, Salvatore Biondo was unable to testify at the 341 hearing when the accounts were closed and when asked if they were closed "during the trial" Mr. Biondo responded "I don't know."

Finally, this Debtor admitted filing its petitions as a means to "**buy some time**." The fact is Debtor and its Agent are *extremely wealthy* and make it known that they will not hesitate to use their wealth to intimidate and harm any subcontractor foolish enough to challenge them!

## There Are Only a Few Unsecured Creditors

Schedule F clearly demonstrates that Debtor's only unsecured creditor is Christopher Aiello, who is owed $25,000, apparently as unpaid attorney fees. However, when asked at the 341 hearing if Debtor is in default on any financial obligations (secured or unsecured creditors) the Debtor's Agent responded "No."

The $4,891,995 represents the "Debtor's equity" as Debtor's Agent testified. Salvatore Biondo clearly testified that his 17 other companies loaned Debtor the equity in the project and that none of the loans are in default and no documents exist to verify these loans.

## The Debtor's Property Has Been Posted for Foreclosure and the Debtor Has Been Unsuccessful in Defending Against the Foreclosure in State Court

The Debtor's property subject to the Creditor's Judgment of Foreclosure has not yet been posted for sale, pursuant to the state court's order, as Debtor filed the initial Chapter 7 petition the day after Creditor's counsel advised its state court counsel it would execute against the real property with a Request and Order to Seize Property. Debtor's state court trial counsel then, in true Biondo fashion, attempted to negotiate a discount to satisfy the Creditor's Judgment! It was not until Creditor's counsel advised Debtor's state court attorneys (in writing) that not a single penny would be discounted on the Judgment, that Debtor's counsel even mentioned bankruptcy to the Creditor's counsel. Here, Debtor has no chance of stopping the foreclosure procedure and has turned to this court for assistance in thwarting any payments to Creditor.

Debtor and its counsel have failed at every stage of the construction lien foreclosure litigation process. Moreover, Debtor has failed on every post trial motion and every court of appeals motion, with the exception of an emergency hearing motion, which was granted in order to allow the court of appeals to deny all companion motions filed by the Debtor/Appellant.

**The Debtor and One Creditor Have Proceeded to a Standstill in State Court Litigation and The Debtor Has Lost or Has Been Required to Post a Bond Which it Cannot Afford**

Debtor's sole dispute is the fact that Creditor Mike Genson Mechanical (one of several lien claimants on the project) prevailed and beat the Debtor at Trial. The standstill here is simply the natural course of events after losing a state court Trial (something Debtor and its Agent have likely never experienced due to their superior financial and thus, negotiating positions). Debtor here did nothing to try to post a bond; did not secure a bond prior to filing its motions in state court or the Michigan Court of Appeals. Debtor admitted the reason for filing this Chapter 11 petition was to frustrate the state court remedy granted to Creditor Mike Genson Mechanical.

**The Filing of The Petition Effectively Allows the Debtor to Evade Court Orders**

Debtor has filed not one, but two bankruptcy petitions. Debtor filed its Chapter 7 petition on May 15, 2008 for the sole purpose of thwarting the enforcement of a seizure order granted to Creditor from the Trial Court by Judge Matthew Switalski.

If Debtor was truly insolvent, it would have corrected the deficient filing of its Chapter 7 petition and liquidated its remaining assets. Debtor is utilizing this Court to assist it in inflicting further financial hardship upon the Creditor Mike Genson Mechanical. Further proof of this fact is relatively straightforward and simple. Creditor Mike Genson's has priority over any and all other encumbrances recorded against the Subject Property, yet, this Debtor continuously fails and refuses to pay any money to Genson, choosing to pay Flagstar Bank and retain the additional profits for itself! Not a single dime has been tendered by Debtor to Creditor Mike Genson Mechanical. Creditor seeks adequate protection from the Debtor's abuse of this process.

### The Debtor Has No Ongoing Business or Employees

Debtor has admitted at the 341 hearing that it has no employees and that no business is ongoing of the Debtor! Another company, North Point Management, LLC is alleged to be the company managing the property, collecting the rents, paying the bills, etc.

This court should note, the same individual that controls North Point Management, LLC, is the same individual that controls the financial decisions of Debtor, Salvatore Biondo.

### The Lack or Possibility of Reorganization

Here, like the Debtor in In Re Phoenix Piccadilly, Ltd., 849 F.2d 1393 C.A. 11 (Fla. 1988), the "Debtor" before this court; has only one asset, the real property; has basically one unsecured creditor (Christopher Aiello) whose claim is small in relation to the secured creditors; has virtually no employees; the real property is subject to a lien foreclosure as a result of monies due and owing, but unpaid by Debtor; the financial problem involves essentially a dispute between Creditor Genson and Debtor, which could be resolved in the pending state court action or court of appeals; and Debtor's timing clearly evidences an intent to delay the Debtor's secured creditor from enforcing its rights under the state court judgment.

Most telling and persuasive for this motion by Creditor, is the fact that when Debtor's Agent was asked by attorney David Foust how the Debtor plans to emerge from the Chapter 11 proceeding, Salvatore Biondo had absolutely no response. Likewise, when examined by the Creditor's counsel as to what information he reviewed or examined prior to the Debtor's counsel filing of its Chapter 7 or 11 petitions, Salvatore Biondo said "I don't' know, that's what I have attorneys and CPA's do for me." Further evidence this Chapter 11 petition was filed in bad faith.

### CONCLUSION

Clearly, given the totality of the circumstances in both of the Debtor's petitions filed with this Court, the Debtor's Chapter 11 petition has been filed in bad faith, to avoid the state court remedies afforded Creditor Mike Genson Mechanical, LLC, under the Judgment of Foreclosure.

Lien Claimant and Creditor Mike Genson Mechanical, LLC, should, at a minimum, be allowed to pursue its state court remedies while the Debtor's proceeds through its Chapter 11 proceeding, or in the alternative, this case should be dismissed for what it is, a bad faith filing.

Debtor and its counsel can guise their response to Creditor's motion in any manner they so desire. The facts are irrefutable; counsel for Debtor is a learned bankruptcy attorney charging Debtor $300 per hour to prosecute this case. Debtor's counsel certainly knew this motion would be filed by Creditor Mike Genson counsel, yet he filed the petition with this knowledge that the Debtor's goal was to *strike a better deal* with the prevailing Judgment lien Creditor. Moreover, as a learned bankruptcy attorney, Debtor's counsel knew the case law governing bad faith filings including, In Re Trident Associates, Ltd. Partnership yet filed the petition to assist Debtor.

Viewing the Debtor's filing under the totality of the circumstances, it is clear this Debtor filed its Chapter 11 petition in bad faith to avoid paying its Creditor Mike Genson Mechanical the sizable state court judgment and to thwart Creditor's right to sell the real property.

WHEREFORE, Creditor Mike Genson Mechanical, LLC respectfully requests that this Honorable Court grant Creditor Mike Genson Mechanical, LLC's motion to dismiss the Debtor's Chapter 11 petition or in the alternative lift the automatic stay to allow Creditor Mike Genson Mechanical, LLC to avail itself of the state court foreclosure remedy and award such additional relief as this court deems appropriate, including, sanctions against the Debtor and/or its counsel for filing this Chapter 11 petition in violation of the Federal Bankruptcy laws.

Respectfully submitted,

SADECKI & ASSOCIATES, P.L.L.C.

/s/ Mark W. Sadecki
Mark W. Sadecki (P57069)
Attorney for Creditor Mike Genson

Dated: August 10, 2008